UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christian Jude Gagnon, | ) C/A No. 4:11-2018-TLW-TER |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Mr. James Hicks, Magistrate Judge of Greenville Cnty, S. Carolina, June 2nd 2011; Detention Cntr. GCDC Staff Lt. Robert Pendergrass, | ) |
| Defendants. | ) |

Plaintiff, Christian Judge Gagnon, ("Plaintiff"), is a local prisoner in the Greenville County Detention Center (GCDC) on Greenville, South Carolina, who is proceeding *pro se* and *in forma pauperis*. Plaintiff brings this action under 42 U.S.C. § 1983[1] seeking compensatory damages for the alleged violation of his constitutional rights by Defendants. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed,

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

1

because Plaintiff is barred from bringing this suit for damages based on his alleged unconstitutional conviction and imprisonment against Defendant Hicks, by the doctrine of absolute judicial immunity, and against Defendant Pendergrass, by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff files this § 1983 action against Defendants, seeking monetary damages of $90,000 (*i.e.* $1,000 per day for 90 days) from Defendant Magistrate Hicks, and $24,000 (*i.e.* $1,000 per day for 24 days) from Defendant Lt. Pendergrass. *See* ECF No. 1, p. 6. Plaintiff alleges that, on June 2, 2011, at his "first appearance" hearing (apparently his bond hearing) on the charge of public intoxication, Magistrate Hicks unlawfully held Plaintiff in contempt of court three (3) times and

2

sentenced Plaintiff to three (3), consecutive, thirty-day sentences, totaling ninety (90) days. Plaintiff alleges that, on June 2, 2011, he was:

> mentaly and physicaly unstable and totaly incoherent! (sic) Being hypoglyciemic (sic) sugar level was below 50 and unstable, forced to stand at 1st appearance, in a suicide gown, 'naked' after mental health evaluation.  An absolute forbidn (sic) and unlawful act in any court of the United States.  Yet that did not even faize (sic) Magistrate Judge Mr. Hicks.  Mr. Hicks went & set arrainment (sic) for public intox #84985FK 6/29/11 @ 3:00 p.m in front of Judge Ms. Cagle. & also sentenced me to 3 contempts of court at 30 dys consecutive = 90 days.  I was in contempt even before I approached the bench.  Mr. Hicks was total[l]y wrong!  He should have repremanded (sic) the officers for bring forth one in such a sad state.  I have no paper work or attorney or recallection what so ever of first appearance. (sic)  W/out the help of the officers I was lost.  Most likely fell out and had seizure.

ECF No. 1, p. 3.  Plaintiff alleges that he wrote Defendant Hicks several times but was kept "in suicide gown 'only' for over a week. Rubber Rm. (sic) Then Medical & Mental Health Holding for 4 weeks." ECF No. 1, p. 3.

The allegations in Plaintiff's Complaint concerning Defendant  Lt. Pendergrass are somewhat confusing, but Plaintiff's chief accusation appears to be that, after being denied  access to "a legal kit, envelopes, guilty pleas, request forms" . . . "for three weeks," ECF No. 1, p. 4, Plaintiff was scheduled to enter a plea before Magistrate Cagle on June 29, 2011.  However, when Plaintiff told a staff member that he did not plan to plead guilty but would, instead, plead no contest "so I may exsplain my medical status (sic)," Plaintiff was prevented from going to court to dispose of his case.  Plaintiff alleges that "the Supreme Court past law, a munisipal ord. (sic) Blue Ticket shall not carry over 30 dys in jail at sentence.  Serving 21 dys on 30.  Now 60 dys later I still have not gone to court." ECF No. 1, p. 4.  Plaintiff alleges that, after complaining to the mental health counselor,  he was told that Defendant Pendergrass "would clear matters, but then, "25 dys after the public intox #84985FK would have been time served.  Pendergrass puts in a plea w/out my consent,

signiture, or attr. authorized (sic)." ECF No. 1, p. 5.  Plaintiff alleges that he has "been unlawfully detained & sentenced to what will be 103 days in Cnty. Detention of Greenville S.C. due to lack of awareness and a careless sentence of one magistrate 1st appr. Judge James Hicks.  He wrongfully used power granted him with no observation of my mental or physical stability." ECF No. 1, p. 6.  Plaintiff further alleges that:

> the lack of concern for others well-being seem (sic) to flow down to Cnty. Corrections Staff.  Lt. Pendergrass = Robert Pendergrass knowingly and willfully violated a Supreme Crt order of a 21 dy serve on a 30 dy Blue Ticket Law (sic).  By send a guilty plea to asst st. attr. on my behalf, w/out my consent or attr. authorized. 24 dys after time was served. (sic)

ECF No. 1, p. 6. While Plaintiff alleges at one point that he was sentenced to time served, he alleges at another point that he has a disorderly conduct charge still pending against him, which cannot be disposed of until he has completed serving his contempt of court sentences.  It appears that this separate disorderly conduct charge may have been brought against him in connection with his June 2, 2011 court appearance when he was also found in contempt of court, but the pleadings do not make this clear.

Plaintiff attaches to his Complaint copies of several letters (to jail administrators and to Gov. Haley) and Plaintiff has submitted five (5) letters to the Clerk's Office, since he filed his Complaint. *See* ECF Nos. 9, 12, 13, 14, 16.  Plaintiff's letters allege that the rights of more than fifty (50) other GCDC detainees and prisoners have been violated by GCDC staff and the bond court and magistrate court procedures concerning confinement and treatment of GCDC inmates who are booked into the jail with mental health, medical, and substance abuse/intoxication issues. To the extent that Plaintiff attempts to state a claim on their behalf he cannot do so.  The Fourth Circuit has held that "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights

of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a prisoner, proceeding *pro se*, cannot represent other prisoners in a class action). *See Hummer v. Dalton*, 657 F.2d 621, 623 n. 2, 625-26 (4th Cir. 1981) (prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners").

## DISCUSSION

Plaintiff is barred by the doctrine of absolute judicial immunity from bringing an action pursuant to § 1983 seeking an award of monetary damages against Defendant Mr. James Hicks, Magistrate Judge of Greenville Cnty, S. Carolina, June 2nd 2011. The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991) (safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Pressly v. Gregory*, 831 F.2d 514 (4th Cir. 1987) (§ 1983 civil action against a state magistrate, holding that "As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity).

The reasons for the doctrine of absolute immunity for judges were outlined by the Fourth Circuit in *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972):

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray*, 456 F.2d at 3 (citations omitted), overruled on other grounds, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995). The alleged constitutional violation by Defendant Hicks occurred at Plaintiff's bond hearing, the conduct of which is a normal judicial function of a magistrate in South Carolina. Thus, Defendant Magistrate Hicks' alleged illegal actions were not taken in the clear absence of all jurisdiction and were performed as part of his normal judicial duties. Defendant Hicks should be summarily dismissed from this case based on his absolute judicial immunity.

Insofar as Plaintiff's claims against Defendant Pendergrass are concerned, the instant § 1983 complaint for monetary damages is subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, supra. *See also Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995) ("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and *Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995) (per curium) (plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996). *Accord Smith v. Holtz*, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); *Burnside v. Mathis*, 2004 WL 2944092 (D.S.C. 2004). Plaintiff has failed to establish that his conviction based on the alleged unauthorized guilty plea entered on his behalf by Defendant Pendergrass has been reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued.[2] Therefore, Plaintiff's claim against Defendant Pendergrass must be dismissed for failure to state a claim.

**RECOMMENDATION**

It is recommended that the Complaint be summarily dismissed, without prejudice and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70. (4th Cir. 1983); *see also* 28 U.S.C. § 1915(e)(2)(B).

---

[2] *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983). Although § 1983 and *Bivens* provide access to a federal forum for claims of unconstitutional treatment at the hands of state or federal officials, "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983." *Heck*, 512 U.S. at 481 (citing *Preiser*).

Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 17, 2011
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).